UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO.: 8:15-cv-00818

PEDRO FRANQUI,

     Plaintiff,

v.

FINANCIAL CORPORATION OF AMERICA

     Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant and files this Answer and Affirmative Defenses to the Plaintiff's Complaint and states:

1. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

2. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

3. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

4. Admitted for jurisdictional purposes only.

5. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

6.     Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

7.     Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

8.     Admitted only that Plaintiff sent Defendant a letter that dated March 10, 2014.  As to all other allegations contained in this paragraph, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

9.     Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

10.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

11.    Admitted only that Plaintiff sent Defendant a letter that dated March 10, 2014 to Defendant at the address described in this paragraph.  As to all other allegations contained in this paragraph, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

12.    Denied.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

19.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

20.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

21.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

22.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

23.    Admitted.

24.    Denied.

25.   Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

26.   Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

27.   Admitted.

28.   Denied.

29.   Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

30.   Denied.

31.   Admitted.

32.   Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

33.   Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

34.   Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

35.     Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

36.     Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

37.     Admitted.

38.     Denied.

39.     Denied.

40.     Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

41.     Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

42.     Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

43.     Admitted.

44.     Admitted.

45.     Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

46.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

47.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

48.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

49.    Admitted.

50.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

51.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

52.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

53.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

54.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

55.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

56.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

57.    Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

58.    Admitted that Defendant mailed a letter to Pedro Franqui on or around March 24, 2014, as to all other allegations contained in this paragraph, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

59.    Denied.

60.    Defendant re-alleges paragraphs 1 through 59 as if fully restated herein.

61.    Denied.

62.    Denied.

63.    Defendant re-alleges paragraphs 1 through 59 as if fully restated herein.

64.    Denied.

65.    Denied.

66.     Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that any violation of federal or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations found in the FDCPA.

## SIXTH AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations found in the FCCPA.

## DEMAND FOR A JURY TRIAL

The Defendant demands a trial by jury of all issues so triable.

WHEREFORE, Defendant respectfully requests an Order dismissing the case and awarding it attorneys' fees and costs.

Respectfully submitted by:

/s/ Dale T. Golden
/s/ Charles J. McHale
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
Charles J. McHale, Esquire
FBN:  0026555
201 North Armenia Avenue
Tampa, FL  33609
Phone:  813-251-5500
Fax:  813-251-3675
Email: dgolden@gsgfirm.com
Email: cmchale@gsgfirm.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
Dale T. Golden, Esquire

/s/ Charles J. McHale
Charles J. McHale, Esquire