UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO.: 8:15-cv-00818

PEDRO FRANQUI,

     Plaintiff,

v.

FINANCIAL CORPORATION OF AMERICA

     Defendant.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant, Financial Corporation of America, (hereinafter "FCOA" and/or "Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, and hereby files this Motion for Final Summary Judgment and Incorporated Memorandum of Law, and states the following in support there of:

### I.     Statement of Material Facts.

Plaintiff brought this action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"). *See,* DE 1. Specifically, Plaintiff has alleged that Defendant violated 15 U.S.C. § 1692(c) and 1692(d) and Fla. Stat. § 559.72(18) by communicating with Plaintiff in an attempt to collect a debt while knowing that Plaintiff was represented by counsel with respect to that debt. *Ibid.* As the factual basis for his claim under § 559.72(18), Plaintiff has alleged that he "issued cease and desist instructions to Defendant on or about March 10, 2014" *Ibid*. at ¶ 8 . Plaintiff's claim that Defendant received Plaintiff's cease and desist communication within 3-5 days of Plaintiff's mailing of the same is unsubstantiated. *Ibid*. at ¶ 12. Plaintiff further alleges that Defendant continued to contact Plaintiff in regards to the alleged debt on at

least March 24, 2014, that Defendant contacted Plaintiff on such date in writing, and that Defendant knew that Plaintiff was represented by legal counsel prior to contacting Plaintiff on March 24, 2014. *Ibid*. at ¶¶ 9, 58, and 59.

On February 1, 2014, an account belonging to Plaintiff was referred to FCOA for collection. *See,* Declaration of Elizabeth Dryden Rannefeld. On or around February 7, 2014, FCOA sent its initial collection letter to Plaintiff. *Ibid.* Thereafter, on March 24, 2104, FCOA sent Plaintiff an additional letter. *Ibid.* On March 24, 2014, FCOA had no knowledge that Plaintiff was represented by counsel and that he wished to receive no more contact from FCOA. *Ibid.* FCOA did not receive Plaintiff's cease communication and notice of attorney representation letter until March 25, 2014. *Ibid.* Upon receipt of such letter, FCOA noted the account as such, which actions are depicted on lines 143 through 152 of FCOA's account notes. *Ibid.* Thereafter on March 28, 2014, FCOA sent Attorney Gadd a letter in which it advised him that FCOA was in receipt of the Plaintiff's letter which provided information that he was represented by Attorney Gadd. *Ibid.* FCOA letter requested that Attorney Gadd verify Plaintiff's statement. *Ibid.* However, Attorney Gadd never responded to such request. *Ibid.* Nevertheless, upon receipt of Plaintiff's letter on March 28, 2014, FCOA ceased all further communications with Plaintiff. *Ibid.*

Through the instant Motion, Defendant seeks judgment as a matter of law on all of Plaintiff's claims as the record is devoid of evidence establishing the essential elements of Plaintiff's claims.

II.       **Standard of Review**

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party bears the burden of meeting this exacting standard. *See, Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See, Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods*, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in their favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e).* "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion. *See, Earley*, 907 F.2d at 1081; *See also, Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment). The failure of proof concerning an essential element of the non-moving

party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See, Celotex,* 477 U.S. at 322.

### III.   Legal Argument

> **a. Defendant did not direct any communications at Plaintiff with respect to the account at issue with actual knowledge that Plaintiff was represented by counsel.**

Plaintiff has alleged that FCOA violated 15 U.S.C. ¶ 1692c(a)(2) and Fla. Stats., § 559.72(18) wherein it contacted Plaintiff via a letter dated March 24, 2014 when it had actual knowledge that Plaintiff was represented by counsel.  Both claims are meritless.  Absent from the Complaint are any facts that would demonstrate that FCOA had actual knowledge that Plaintiff had an attorney.  Further, the discovery deadline has passed, Plaintiff has conducted no discovery of any kind, and Plaintiff cannot provide any evidence that FCOA had actual knowledge that Plaintiff was represented by counsel when it sent its March 24, 2014 letter to Plaintiff.  The only evidence before this Court is FCOA's declaration which clearly establishes 1) that FCOA did not receive Plaintiff's notice of attorney representation until March 25, 2014, and 2) that on March 24, 2014 when FCOA sent a letter communication to Plaintiff, it did not have actual knowledge that Plaintiff was represented by counsel.

Section 559.72(18) prohibits any person from "[c]ommunicat[ing] with a debtor if the person *knows* that the debtor is represented by an attorney with respect to such debt[.]" (emphasis added).  It is well settled that in order to prevail upon a claim under § 559.72(18), the plaintiff must establish that the defendant had actual knowledge of the plaintiff's representation by counsel. *See, Erickson v. Gen. Elec. Co.*, 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012); *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010); *Watson v. Capital One Services, LLC*, 3:10-CV-358-J-37JRK, 2011 WL 2560230 (M.D. Fla. 2011) *report and*

*recommendation adopted*, 3:10-CV-358-J-37JRK, 2011 WL 2559509 (M.D. Fla. 2011);

*Cavanaugh v. HSBC Card Services Inc.*, 3:10-CV-356-HES-TEM, 2010 WL 3746260 (M.D. Fla.

2010).

Similarly, 15 U.S.C. § 1692c prohibits a debt collector from communicating directly with

a consumer in connection with the collection of any debt "if the debt collector **knows** the

consumer is represented by an attorney with respect to such debt[.]" (emphasis added). Section

1692c further provides that "[i]f a consumer notifies a debt collector in writing that the consumer

[…] wishes the debt collector to cease further communication with the consumer, the debt

collector shall not communicate further with the consumer with respect to such debt[.]"[1] Courts

have recognized that, with respect to the prohibition on contact with represented consumers,

"[t]he plain language of § 1692c(a)(2) requires that the debt collector have actual knowledge of

the representation." *Kelemen v. Prof. Collection Sys.*, 6:09-CV-1639-ORL-28, 2011 WL 31396

(M.D. Fla. 2011)(citing *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d at 1334); *Schmitt v. FMA Alliance,*

398 F.3d 995, 997–98 (8th Cir.2005). Moreover, with respect to the cease communication

provision of section 1692c, Courts have held that a consumer's written request that

communications to cease is account specific. *See, e.g., Bishop v. I.C. System, Inc.*, 713 F. Supp.

2d 1361, 1366 (M.D. Fla. 2010)("Even after a debt collector receives a consumer's cease-and-

desist letter, the FDCPA allows the debt collector to contact the consumer about *other* debts or

*future* debts.")(emphasis in original); *Udell v. Kansas Counselors, Inc.*, 313 F. Supp. 2d 1135,

1144 (D. Kan. 2004).

"In Florida, consumer debt collection practices are regulated by both the FCCPA and the

federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p (FDCPA)." *Read v. MFP,*

---

[1] This provision of Section 1692c is subject to certain exceptions, none of which are relevant to the instant motion. *See,* 15 U.S.C. § 1692c(c)(1) – (3).

*Inc.,* 85 So.3d 1151, 1153 (Fla. 2d DCA 2012). "Both acts generally apply to the same types of conduct, and Florida courts must give 'great weight' to federal interpretations of the FDCPA when interpreting and applying the FCCPA." *Id.* (citing § 559.77(5), Fla. Stat.).  *see, Hurtubise v. P.N.C. Bank, N.A.*, 512013AP000015APAXWS, 2015 WL 3948192, at *3 (Fla. Cir. Jan. 5, 2015)

As a plain reading of the pertinent statutory language demonstrates, actual knowledge of attorney representation is required to invoke the protections of the statute. "In construing a statute the court must begin, and often should end as well, with the language of the statute itself." *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409, 113 S. Ct. 2151, 2157, 124 L. Ed. 2d 368 (1993); *see also, Bailey v. United States*, 116 S. Ct. 501, 506, 133 L. Ed. 2d 472 (1995). As the Supreme Court has admonished, "[w]e have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992); *see also, e.g., United States v. LaBonte*, 117 S. Ct. 1673, 1677, 137 L. Ed. 2d 1001 (1997) ("We do not start from the premise that this language is imprecise. Instead, we assume that in drafting this legislation, Congress said what it meant"). "When the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." *Connecticut Nat'l Bank*, 503 U.S. at 254, 112 S. Ct. at 1149 (internal quotation marks omitted).

Federal courts considering this issue in this case have consistently required "actual" knowledge by the debt collector to satisfy the requirements of 1692c(a)(2) and § 559.72(18). *Bacelli v MFP, Inc.*, 2010 WL 2985699 (M.D. Fla. July 28, 2010)(both FDCPA and FCCPA require "actual knowledge" of attorney representation); *see also, Cavanaugh v. HSBC Card*

*Services Inc.,* 2010 WL 3746260 (M.D. Fla. Sept. 22, 2010)("The instant Complaint fails to sufficiently allege that Rubin had actual knowledge that the Plaintiff was represented by counsel as required by both the federal and state statutes."), *see also Erickson v. Gen. Elec. Co.*, 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012); *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010); *Watson v. Capital One Services, LLC*, 3:10-CV-358-J-37JRK, 2011 WL 2560230 (M.D. Fla. 2011) *report and recommendation adopted*, 3:10-CV-358-J-37JRK, 2011 WL 2559509 (M.D. Fla. 2011); *Cavanaugh v. HSBC Card Services Inc.*, 3:10-CV-356-HES-TEM, 2010 WL 3746260 (M.D. Fla. 2010). The *Cavanaugh* and *Bacelli* decisions follow the nearly unanimous holdings of other federal courts that have considered the same issue.

It well settled law that in order to succeed in an action under §1692c(a)(2) and/or § 559.72(18), Plaintiff must prove that Defendant had actual knowledge that he was represented by counsel. For example, in *Randolph v. IMBS Inc.,* 368 F. 3d 726 (7th Cir. 2004), plaintiff claimed that a debt collector violated the FDCPA by sending her a letter attempting to collect a debt despite the fact that she had notified the creditor she was represented. The district court ruled in favor of the plaintiff. However, the Seventh Circuit Court of Appeals overturned the district court's decision and held that "Courts do not impute to debt collectors other information that may be in creditors file." *Id*. at 729; *see also, Schmitt v. FMA Alliance,* 398 F.3d 995, 997 (8th Cir. 2005)(affirming dismissal of complaint based upon collector's argument that "FDCPA requires a plaintiff to plead that the debt collector had actual knowledge of the plaintiff's representation."); *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991); *Offril v. J.C. Penny Company, Inc.*, 2009 WL 69344, 3 (N.D.Cal. 2009)(complaint dismissed where Plaintiff failed to allege that either creditor or plaintiff notified collector that plaintiff was represented by counsel with respect to plaintiff's debt."); *Bianchi v. Bureaus, Inc.*, 2008 U.S. Dist. LEXIS 15976

(N.D. Ill. Feb. 27, 2008)("liability under §1692c turns on the debt collector's actual knowledge."); *Keisler v. Encore Receivable Mgmt.*, 2008 U.S. Dist. LEXIS 31987 (S.D. Ind. Apr. 17, 2008)("knowledge in the hands of [the creditor] is not knowledge in the hands of [the collector]."); *Jones v Weiss*, 95 F.Supp.2d 105 (N.D. N.Y. 2000); *Hubbard v. National Bond & Collection Assoc., Inc.*, 126 B.R. 422 (D. Del. 1991); *Raimondi v. McAllister & Assocs.*, 50 F. Supp. 2d 825, 827 (N.D. Ill. 1999); *Buffington v. Schuman & Schuman*, 2001 U.S. Dist. LEXIS 2267 (N.D.N.Y Feb. 21, 2001); *Countryman v Solomon and Solomon,* 2000 WL 156837 (N.D. N.Y. Feb. 8, 2000); *Filsinger v. Upton, Cohen & Slamowitz*, 2000 WL 198223 (N.D. N.Y. Feb. 18, 2000); *Goodman v. Southern Credit Recovery,* Inc.  1999 WL 14004, 5 (E.D.La.1999).

On February 1, 2014, an account belonging to Plaintiff was referred to FCOA for collection.  *See,* Declaration of Elizabeth Dryden Rannefeld.  On or around February 7, 2014, FCOA sent its initial collection letter to Plaintiff.  *Ibid.*  Thereafter, on March 24, 2104, FCOA sent Plaintiff an additional letter.  *Ibid.*  On March 24, 2014, FCOA had no knowledge that Plaintiff was represented by counsel and that he wished to receive no more contact from FCOA. *Ibid.*  FCOA did not receive Plaintiff's cease communication and notice of attorney representation letter until March 25, 2014. *Ibid.*  Upon receipt of such letter, FCOA noted the account as such, which actions are depicted on lines 143 through 152 of FCOA's account notes. *Ibid.*  Thereafter on March 28, 2014, FCOA sent Attorney Gadd a letter in which it advised him that FCOA was in receipt of the Plaintiff's letter which provided information that he was represented by Attorney Gadd.  *Ibid.*  FCOA letter requested that Attorney Gadd verify Plaintiff's statement.  *Ibid.*  However, Attorney Gadd never responded to such request.  *Ibid.* Nevertheless, upon receipt of Plaintiff's letter on March 28, 2014, FCOA ceased all further communications with Plaintiff.  *Ibid.*

As such, it is beyond contestation that Defendant did not have actual knowledge that Plaintiff was represented by counsel when it sent Plaintiff a letter on March 24, 2014.  Therefore, Defendant is entitled to summary judgment on Plaintiff's FDPCA and FCCPA claims.

**IV.     Conclusion**

To sustain a cause of action under §1692c(a)(2) and/or § 559.72(18), Plaintiff must prove that Defendant had actual knowledge that Plaintiff was represented by counsel. There is no evidence that Defendant had such knowledge. Because it is evident that Plaintiff will be incapable of satisfying his burden at trial, summary judgment in favor Defendant is proper.

Respectfully submitted by:

/s/ Charles J. McHale
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
Charles J. McHale, Esquire
FBN:  0026555
201 North Armenia Avenue
Tampa, FL  33609
Phone:  813-251-5500
Fax:  813-251-3675
Email: dgolden@gsgfirm.com
Email: cmchale@gsgfirm.com
Attorneys for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 1, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Charles J. McHale
Charles J. McHale, Esquire
